NO. 07-09-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 23, 2009
______________________________

NITO JIM GUERRA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 63206; HONORABLE MARTHA J. TRUDO, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ORDER OF ABATEMENT AND REMAND
          Appellant, Nito Jim Guerra, Jr., filed a notice of appeal from his conviction for
evading arrest or detention with a motor vehicle and sentence of 40 years incarceration. 
The appellate court clerk received and filed the trial court clerk’s record on July 20, 2009. 
The trial court reporter’s record was received and filed on September 1, 2009. Thus,
appellant’s brief was due on or before October 1, 2009. 
          On October 8, 2009, this Court notified appellant that his brief was past due and
that, if his brief was not filed by October 19, 2009, his appeal would be abated and
remanded to the trial court. As of the date of this order, appellant has failed to file his brief. 
          Accordingly, we now abate this appeal and remand the cause to the trial court. See
Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine: (1) whether
appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal,
whether appellant is indigent and, if not indigent, whether counsel for appellant has
abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether
appellant’s present counsel should be replaced; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss appellant’s
appeal if appellant does not desire to prosecute this appeal or, if appellant desires to
prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court
determines that the present attorney for appellant should be replaced, the court should
cause the clerk of this court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney. 
          The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, and recommendations and cause them to
be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter’s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the
records of the proceedings to be sent to this Court. See Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk’s
record, supplemental reporter’s record, and any additional proceeding records, including
any orders, findings, conclusions, and recommendations, are to be sent so as to be
received by the Clerk of this Court not later than November 23, 2009.  
 
                                                                           Per Curiam
Do not publish.